IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00163-WYD-MJW

MARONA PHOTOGRAPHY, INC.

    Plaintiff,

v.

LOS ALTOS BOOTS, INC., and
WILD WEST BOOTS, INC.

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 2 4 2012

GREGORY C. LANGHAM
              CLERK

## SCHEDULING ORDER

### 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL

April 24, 2012 at 2:00 p.m.

Appearing for Plaintiff Marona Photography, Inc.:
John A. Arsenault
Wessels & Arsenault, LLC
1333 W. 120th ave. Suite 302
Westminster, Colorado 80234

Appearing for Defendant Los Altos Boots, Inc.:
John R. Mann
Kennedy Childs PC
633 17th St. Suite 2200
Denver, CO 80202-3661

Defendant Wild West Boots was served on 04/06/12 and we have not yet heard from their counsel at this time.

### 2. STATEMENT OF JURISDICTION

The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

### 3. STATEMENT OF CLAIMS AND DEFENSES

1

    a. *Plaintiff(s):* Copyright infringement 17 U.S.C. § 106, false designation of origin under the Lanham Act 15 U.S.C. § 1125(a).

    b. **Defendant Los Altos Boots, Inc.:** Defendant Los Altos Boots generally denies the allegations of the Complaint and asserts the following affirmative defenses: The Complaint fails to state a claim upon which relief can be granted; Plaintiffs' claims for relief are barred or limited by the applicable statutes of limitations; Plaintiffs lack standing to sue on all or a portion of the claims for relief asserted in the Complaint; Plaintiffs are not the real party in interest to prosecute all or a portion of the claims for relief asserted in the Complaint; Plaintiffs' claims for relief are barred or limited by the doctrine of *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23 (2003); If Plaintiff's copyright has been infringed, which Defendant denies, Defendant is only an innocent infringer thereof; the alleged infringement occurred outside of the territorial limits and jurisdiction of the United States; there is no likelihood of customer confusion; and Plaintiffs have failed to mitigate their damages, if any, as required by law.

    c. *Other Parties:* Western English Sales Association (WESA), and the Los Altos box printing company, catalog printing company, website developer, and miscellaneous printers used by Los Altos are potential defendants in this matter.

4. **UNDISPUTED FACTS**

    a. Los Altos attended the Denver WESA event in 2009 and 2010, at the same time as when Plaintiff offered his works for sale.

    b. Defendant Los Altos through the owner or one of their representatives purchased a lithograph of the image "Saddle Up" ("Work") from Plaintiff.

    c. Plaintiff filed the present action on January 07, 2012.

5. **COMPUTATION OF DAMAGES**

    a. For the copyright infringement claim, Plaintiff requests the Court grant statutory damages pursuant to 17 U.S.C. § 504(a)(2).

    b. For the copyright infringement claim, Plaintiff requests that the Court find Defendant's infringement willful and to increase the damages to the statutory maximum of $150,000.00 per work infringed.

    c. For the designation of goods claim, Plaintiff requests the infringer's profits intentionally using a mark or designation knowing that the mark or designation of counterfeit pursuant to 15 U.S.C. § 1117(a).

    d. For the designation of goods claim, Plaintiff requests treble damages for intentionally using a mark or designation knowing that the mark or designation of counterfeit pursuant to 15 U.S.C. § 1117(a).

    e. Plaintiff requests attorneys' fees and costs in this action.

6. **REPORT OF PRE-CONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)**

    a. Date of Rule 26(f) meeting:

04/16/12

    b. Names of each participant and party he/she represented.

John Arsenault, Plaintiff Marona Photography, Inc.

John R. Mann, Defendant Los Altos Boots, Inc.

  c. Proposed changes, if any in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).

NONE

  d. Rule 26(a)(1) disclosures will be made.

June 15, 2012.

  e. Statement concerning any agreements to conduct informal discovery, including joint interviews with potential witnesses, exchanges of documents, and joint meeting with clients to discuss settlement.

The parties are agreeing to exchange informal discovery.

  f. Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.

The parties agree to use a unified exhibit numbering system.

  g. Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

Plaintiff's claims will not involve extensive electronically stored information, but some discovery will involve information or records maintained in electronic form. The parties agree to exchange electronically stored information as needed in a standard PDF format.

h. Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

The parties agree that prompt resolution of this case by settlement is desirable.

## 7. CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

a. Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

~~NONE.~~ 25 Interrogatories per Party.
5 Depositions per Party Including experts.

b. Limitations which any party proposes on the length of depositions.

One deposition per witness with a maximum length of seven hours.

c. Limitations which any party proposes on the number of requests for production and/or requests for admission.

~~Plaintiff proposes no limits on the number of requests for production or requests for admissions.~~ 25 each per Party.

~~Defendant Los Altos Boots proposes that requests for production and requests for admissions be limited to 25 per side.~~

d. Other Planning or Discovery Orders

NONE.

## 9. CASE PLAN AND SCHEDULE

a. Deadline for joinder of parties and amendment of pleadings: July ~~30~~ 2, 2012

b. Discovery cut-off: October 01, 2012

c. Dispositive motion deadline: November 01, 2012

d. Expert witness disclosures:

5

Both parties disclose their experts by August 15, 2012 and both parties disclose rebuttal experts on September ~~1~~ 4, 2012.

Plaintiff Marona Photography anticipates retaining experts in the field or accounting or an economist, and an expert in the field of brand valuation.

Defendant Los Altos Boots anticipates retaining experts in the field of accounting or an economist, and an expert in the field of brand valuation.

- Three Experts per party

e. Deposition schedule: ALL Depositions shall be completed by October 1, 2012

Plaintiff Marona Photography anticipates deposing Rodrigo Avila from Los Altos Boots for approximately seven (7) hours. Plaintiff Marona Photography may anticipate deposing other individuals associated with Los Altos Boots as Plaintiff learns more about the parties involved in the decision to infringe.

Defendant Los Altos Boots anticipates deposing Christopher Marona from Marona Photography for seven (7) hours.

f. Interrogatory Schedule: ~~33 days before discovery cut off.~~ Served August 29, 2012

g. Schedule for request for production of documents: ~~33 days before discovery cut-off.~~ Served by August 29, 2012.

h. Discovery limitations:

i. Other planning or discovery orders:

## 10. DATES FOR FURTHER CONFERENCES

a. ~~An early neutral evaluation will be held on _____ at _____ o'clock _____.~~

( ) ~~Pro se parties and attorneys only need be present.~~

( ) ~~Pro se parties and attorneys, and client representatives must be present.~~

The parties shall seek private ADR by October 1, 2012.

( ) ~~Each party shall submit a Confidential Statement to the magistrate judge~~ on or before ~~outlining the facts and issues, as well as~~ the strengths ~~and weaknesses of their case.~~

b. Telephone Status conferences will be held in this case at the following dates and times: June 14, 2012 At 10:00 Am. will West Boots Inc January 14, 2013 update Discovery, status of Co-Defendant

c. A final pre-trial conference will be held in this case on _____ at 9:30 o'clock A m. A final pre-trial order shall be prepared by the parties and submitted to the Court no later than seven (7) days before the final pretrial conference.

## 11. OTHER SCHEDULING ISSUES

a. A statement of those discovery or scheduling issues, if any, on which counsel, after a good faith effort, were unable to reach an agreement. None

There have been no discovery or scheduling issues hindering agreement between the parties.

b. Anticipated length of trial and whether the trial is to the Court or to the jury. Jury Trial For Three (3) Days
~~The trial should require three days if necessary, and Plaintiff requests a trial by jury. Defendant Los Altos Boots believes that the length of the jury trial should be three days, and that the length of a bench trial should be two days.~~

c. Identify any pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted at the District Court's Colorado Springs, Grand Junction, or Durango facilities.

NONE

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1D by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1A.

In addition to filing an appropriate notice with the clerk's office, a *pro se* party must file a copy of a notice of change of his or her address or telephone number with the clerk of the magistrate judge assigned to this case.

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any motion for withdrawal, motion for substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

### 13. AMENDMENTS TO SCHEDULING ORDER

    a. The agreed upon Scheduling Order may be altered or amended by the Parties only upon a showing of good cause.

DATED this 24th day of April, 2012.

BY THE COURT:

_____
Michael J. Watanabe, Magistrate Judge

SCHEDULING ORDER REVIEWED:

_____
John A. Arsenault
Wessels & Arsenault, L.L.C.
1333 W. 120th Ave. Suite 302
Westminster, CO 80234
(303) 459-7898
Attorney for Plaintiff(s) Marona Photography

_____
John R. Mann
Kennedy Childs, P.C.
633 17th St. Suite 2200
Denver, CO 80202-3661
(303) 825-2700
Attorney for Defendant(s) Los Altos Boots