IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00163-WYD-MJW

MARONA PHOTOGRAPHY, INC.,

Plaintiff,

v.

LOS ALTOS BOOTS, INC. and
WILD WEST BOOTS, INC.,

Defendants.

---

**ORDER ON
PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT
(Docket No. 23)**

---

**MICHAEL J. WATANABE
United States Magistrate Judge**

This case is before this court pursuant to an Order Referring Case (Docket No. 3) issued by Chief Judge Wiley Y. Daniel on January 24, 2012.

Now before the court is Plaintiff's Motion for Leave to File First Amended Complaint (Docket No. 23). The court has carefully considered the subject motion (Docket No. 23), defendants' response (Docket No. 28), and plaintiff's reply (Docket No. 35). In addition, the court has taken judicial notice of the court's file, and has considered the applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

Plaintiff seeks to amend its complaint to: (1) substitute Christopher Marona as plaintiff; (2) add another copyright registration application to the work claimed to be

infringed; (3) add a cause of action arising from defendants' actions that is based upon removal of Marona's name from the work claimed to be infringed; (4) name two additional defendants (principals of defendants) believed to be necessary parties; and (5) add a cause of action for unjust enrichment, quantum meruit, and misappropriation of business value.

Plaintiff's complaint (Docket No. 1) was filed on January 20, 2012. The court held a scheduling conference on April 24, 2012. The Scheduling Order (Docket No. 15) set a deadline for amendment of pleadings of July 2, 2012 and a discovery cut-off date of October 1, 2012. The discovery cut-off date was later extended to October 16, 2012. The subject motion (Docket No. 23) was filed on October 1, 2012.

Although the Federal Rules of Civil Procedure provide that a court should grant leave to amend "freely . . . when justice so requires," see Fed. R. Civ. P. 15(a), the court must first determine whether the amendment is within the deadline prescribed by the Scheduling Order. Here, the deadline for amendment of pleadings was July 2, 2012, and plaintiff did not file its motion until October 1, 2012. Thus, plaintiff's motion was untimely to a significant degree.

Because plaintiff's motion was untimely, plaintiff is first required to show "good cause" under Fed. R. Civ. P. 16(b)(4) for modifying the Scheduling Order. See, e.g., Colo. Visionary Acad. V. Medtronic, Inc., 194 F.R.D. 684, 688 (D. Colo. 2000) (denying an untimely motion to amend solely on the basis of a failure to establish "good cause" within the meaning on Rule 16(b)(4)).

Rule 16(b)'s "good cause" standard is much different than the more lenient standard contained in Rule 15(a). Rule 16(b) does not focus on the bad

faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. Properly construed, "good cause" means that the scheduling deadlines cannot be met despite a party's diligent efforts. In other words, this court may "modify the schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension."

Pumpco, Inc. v. Schenker Int'l, Inc., 204 F.R.D. 667, 668 (D. Colo. 2001) (citations omittted).

Plaintiff seeks to amend its complaint three months after the deadline for amending pleadings expired. The court notes that no trial date has been set in this matter. The Final Pretrial Conference is set for January 14, 2013.

The court finds that plaintiff has failed to show good cause to modify the Scheduling Order. First, as to the new claim of infringement of copyright registration No. VA-1-432-550, the court agrees with defendants that the existence of that copyright registration, and the alleged infringement, was known to plaintiff, or should have been known with reasonable diligence, prior to July 2, 2012. Plaintiff offers no substantive argument as to its diligence with regard to this proposed new claim. Instead, plaintiff argues that the amendment of the new claim will not prejudice defendants. This is not the correct standard the court must apply. Accordingly, plaintiff has not met its burden to shown good cause.

Second, the court agrees with defendants regarding the proposed DMCA claim for removal of copyright notice. Plaintiff argues it was not provided a large enough copy

4

of the original lithograph, sufficient to determine whether and how the copyright notice was removed, until September 27, 2012.  However, as pointed out by defendants, plaintiff clearly had notice of the possibility of removal at the time the initial complaint was filed.  While plaintiff may not have been able to include the claim of removal at the time the initial complaint was filed, the court finds that with reasonable diligence over the next six and a half months, plaintiff would have gained enough information to move to amend the complaint to include the removal claim prior to the July 2, 2012 deadline.

Third, the court finds plaintiff did not use reasonable diligence with regard to adding defendants' principals as parties.  As pointed out by defendants, the principals' identities and roles were known to plaintiff, at the latest, on June 15, 2012.  Plaintiff offers no argument as to how it acted diligently with regard to adding defendants' principals.  Plaintiff's arguments as to lack of prejudice towards defendants, the existence of prejudice towards plaintiff, and plaintiff's desire to avoid filing multiple amended complaints, are not relevant to the court's inquiry.

Finally, as to plaintiff's proposed state claims, the court again finds that plaintiff did not act diligently.  The factual basis for the proposed state claims is the same as the basis for plaintiff's original infringement claim.  Plaintiff makes no argument as to why the state claims could not have been included at the time the original complaint was filed, let alone by the July 2, 2012 deadline.  Accordingly, the court finds that plaintiff did not act diligently to amend the complaint to add the state claims.

The court notes that defendants are not opposed to plaintiff's request to substitute Christopher Marona as plaintiff in this matter.  The court approves this substitution.

5

**WHEREFORE,** for the foregoing reasons, it is hereby

**ORDERED** that Plaintiff's Motion for Leave to File First Amended Complaint (Docket No. 23) is **GRANTED IN PART** and **DENIED IN PART**.  Plaintiff is **GRANTED** leave to substitute Christopher Marona as plaintiff in this matter.  All other relief sought in plaintiff's motion is **DENIED**.


Date:  November 15, 2012             s/ Michael J. Watanabe
       Denver, Colorado              Michael J. Watanabe
                                     United States Magistrate Judge